THADDEUS W. BEVERL ᵛ. CITY OF HATTIESBURG.

1. MUNICIPALITIES. *Policemen. Discharge.*

   A municipal ordinance providing that an employe "elected" by the board of mayor and aldermen shall not be discharged except upon written charges, etc., has no application to a policeman who was not so elected.

2. SAME. *Voluntary services.*

   A policeman cannot of his own volition perpetuate himself in office, nor can he recover from the municipality for services voluntarily rendered after the expiration of his term of employment and the selection of his successor.

FROM the circuit court of, second district, Perry county. HON. JOHN R. ENOCHS, Judge.

Beverly, appellant, was plaintiff in the court below; the city of Hattiesburg, appellee, was defendant there. From a judgment in defendant's favor, plaintiff appealed to the supreme court.

The facts are sufficiently apparent from the opinion of the court.

*Parker & Davis,* for appellant.

The appellant brings this suit on open account for services rendered as a policeman of the city by appointment from the mayor, the power to appoint being delegated to the mayor by the board of mayor and aldermen. The record shows that there was no ordinance creating the office of policeman of the city, defining the powers, duties, term of office, etc. Beverly was merely a patrolman employed by contract and not a public officer in the meaning of the law. *Showley* v. *Brooklyn,* 30 Hun. (N. Y.), 396; 42 N. Y., 289. He was a mere agent or

employe. *People* v. *Pinkney,* 32 N. Y., 377; 40 Mich., 673; 35 Iowa, 561.

This case does not come within the rule announced in *Matthews* v. *Copiah County,* 53 Miss., 715, as regards public officer suing for compensation for official service, putting their title to the office in issue. And even if it should, the testimony shows that he was duly appointed by the mayor to serve in the capacity of a policeman under authority delegated to the mayor by the board of mayor and aldermen.

Inasmuch as there was no ordinance creating the office of policeman and providing for the election of same, under Code 1892, § 2490, the board of mayor and aldermen had the right to delegate said power to the mayor for manifest reasons arising from convenience and necessity. *Rich* v. *McLaurin,* Ante., 95.

*Hartfield & McLaurin,* for appellee.

The appellant sued for a salary as policeman of the city of Hattiesburg, the appellee herein. By virtue of the relations that policemen sustain to the general public they are officers, and not mere laborers. The courts uniformly refer to policemen as "officers" and "officials," but never as "laborers" or "employes." *Craug* v. *Charleston,* 1 Mun. Corp. Cases, 139 and notes; *Gray* v. *Griffin,* 4 Mun. Corp. Cases, 149; *Dunn* v. *Hamm,* 7 Mun. Corp Cases, 846; *Neumeyer* v. *Krakel,* 7 Mun. Corp. Cases, 853; *Venable* v. *Police Com.,* 7 Mun. Corp. Cases, 826; *Bringold* v. *Spokane,* 8 Mun. Corp. Cases, 827; *Fowler* v. *Kansas City,* 8 Mun. Corp. Cases, 23; *Upshar* v. *Ward,* 8 Mun. Corp. Cases, 948; *Norton* v. *Adams,* 9 Mun. Corp. Cases, 949; *Roth* v. *Kurtz,* 9 Mun. Corp. Cases, 950; Williams Mun. Liability for Torts, p. 37, sec 19; Dillins' Mun. Cor. 4th ed., secs. 60, 61, 210, 211, 975, 414, and note; *Johnson* v. *State,* 31 So. Rep., 493; *Buttrick* v. *Lowell,* Am. Dec., 721; *Cobb* v. *Portland,* 92 Am. Dec., 598; *McElroy* v. *City Council,* 38 Am. Rep., 791; *Steubenville* v. *Culp,* 43 Am. Dec., 417, and note; *Mangam* v. *Brooklyn,* 50 Am. Rep., 705; *Fitz-*

*gerald* v. *New Brunswick,* 54 Am. Rep., 182; *Pollock's Admr.* v. *Louisville,* 26 Am. Rep., 260, and cases there cited; *Fox* v. *McDonald,* 21 L. R. A., 529. Many other cases sustain the same position.

The appellant admits that he is an officer by offering a commission in evidence. He further admits the same fact by withdrawing that commission and electing to claim as a hold-over officer from a former administration. He, therefore, cannot recover on a *quantum meruit* "for work and labor done and performed." He sues for official salary, and attempts to prove official character, and he must stand or fall by his title to the office which he claims to hold. He brings himself within the rule announced in *Matthews* v. *Copiah County,* 53 Miss., 715.

Appellant claims to have been appointed or elected to office seven years ago, and not since. The old office force cannot project themselves into the new administration. The police force of a city are not a self-perpetuating body. Title to office cannot be acquired by prescription. Mississippi Constitution 1890, sec. 20.

Appellant being an usurper in office, whatever services rendered against the will of the governing board were purely voluntary.

CALHOON, J., delivered the opinion of the court.

Beverly sued the city for "services rendered on police force" from January 14 to February 28, 1903, and got judgment in the court of a justice of the peace for the amount of his claim, and the city appealed to the circuit court, which peremptorily instructed the jury to find for the city.

Appellant had served the city as policeman for about seven years, going in originally under commission, and then holding over from term to term, and being paid up to January 14, 1903, when the municipal council elected a new set of policemen, and the old set, Beverly included, were informed that they would not be paid any longer. Mr. Beverly testified that he was

"sworn in" by the mayor January 14, 1903, but not pursuant to any reappointment or any election by the board. One of his claims is that he was appointed January 14, 1903, by the mayor, by being sworn in under an ordinance of January 6, 1897, authorizing the mayor "to remove and appoint a night policeman," but it is clear that appellant was not in the category empowering the mayor to appoint him, even if the power could be validly given, so as to bind the municipal board, which we do not decide. But the court excluded this ordinance, and also an ordinance of February 5, 1901, empowering the mayor to appoint one day policeman and one night policeman. We will not notice, however, the various rulings of the court, as, at last, it decided the controversy from a view of the whole case, and our consideration of the case will be as if all the evidence had been received which plaintiff sought to introduce.

Appellant Beverly was paid his salary as policeman, monthly for years, up to and including January 14, 1903, when, as we have said, the municipal board elected a new set. Another ordinance was offered by plaintiff, of date January 7, 1903, that "no employe elected by the board" should be discharged by it except on "written charges," but this cannot be of any avail, because appellant was not so elected. It was also shown that Beverly made some arrests, and collected and paid over some fines, between January 14 and February 28, 1903, but this gives him no claim for salary if he was out of office. The peremptory instruction to find for the city was right. Appellant Beverly could not claim as an officer holding over after the expiration of his office, because his successor had been chosen. He could not be, of his own motion, a policeman in perpetuity. He could not claim for services rendered *dehors* the office, because they were rendered *in invitum* and without any authorization.

*Affirmed.*